UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC. | * | CASE NO.: |
| | * | |
| VERSUS | * | |
| | * | |
| MARIA ELSNER-GOMEZ d/b/a DAIQUIRI ISLAND SPORTS BAR & GRILL | * | JUDGE:_____ |
| | * | |
| | * | MAGISTRATE JUDGE:_____ |

## COMPLAINT

**To the Honorable Judges and Magistrate Judges of the United States District Court Eastern District of Louisiana:**

NOW INTO COURT, through undersigned counsel, comes J&J Sports Productions, Inc. (J&J), a corporation organized under the laws of the State of California with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008 and files its complaint for the following reasons:

**Venue**

1.

Venue is proper in the Eastern District of Louisiana because the defendant's actions and omissions occurred at the commercial establishment of Daiquiri Island Sports Bar & Grill located at 7910 Earhart Boulevard, New Orleans, Orleans Parish, Louisiana 70125 although the defendant is domiciled in Jefferson Parish, Louisiana. Nevertheless, both Orleans Parish and Jefferson Parish are located within the territory of the Eastern District of Louisiana.

**Jurisdiction**

2.

J&J asserts that jurisdiction of the Court is based upon:

(A)   28 U.S.C. section 1331 because the action presents a question or questions of federal law arising under the Constitution of the United States and other laws of the United States as follows:

   (i)   The Communications Act of 1934, as amended, Title 47 U.S.C. 605, et seq. ;

   (ii)   The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. section 553, et seq., which specifically provides that a civil action may be brought in a United States District Court 553 (c)(1) ; and,

   (iii)   Title 18 sections 2511 (1) (a), (5) and 2520 (a).

(B)   Complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs as provided in 28 USCA section 1332.

As discussed in detail below, the defendant committed certain acts and omissions that violated J&J's rights as the exclusive commercial domestic distributor of the televised fight Program described below. Those acts and omissions consisted of interception, reception, publication, divulgence, display and exhibition of J&J's property within the control of J&J in the State of Louisiana, but without its permission and/or authorization.

3.

**Defendant**

The following person is the defendant in this complaint:

(a)   **Maria Elsner-Gomez** d/b/a Daiquiri Island Sports Bar & Grill (Elsner-Gomez),

believed to be a major resident of and domiciled in Jefferson Parish, Louisiana.

4.

J&J is informed, believes and alleges that for all times pertinent to the facts of this complaint the following facts applied/applies:

(a) The State of Louisiana, Office of Alcohol and Tobacco Control issued a license and/or permit to Montgomery Norton for the sale of alcohol at the commercial establishment called Daiquiri Island Sports Bar, which was a registered trade name as disclosed by the Secretary of State for the State of Louisiana's official records.

    (i) As part of the process to issue that license, Elsner-Gomez applied to be "certified" to sell alcoholic beverages under La. R.S. 26:80 so that even though the license/permit to sell alcoholic beverages is in the name of the corporation, the actual sale of alcoholic beverages would be carried out by Elsner-Gomez.

    (ii) The statute is clear that Elsner-Gomez was required to execute a Schedule A for the issuance of the license/permit to sell alcoholic beverages.

(b) The Secretary of State's records show that the business location for Daiquiri Island Sports Bar is 7901 Earhart Boulevard but that address is reflected in other documents to be the mailing address. It is clear from plaintiff's investigator's report that the location of the business conducting the sale of alcoholic beverages is actually 7910 Earhart Boulevard, New Orleans, Louisiana 70125, which is the same location for the "Lease" entered into by Elsner-Gomez. Daiquiri Island Sports Bar's name has also

    been referred to simply as Daiquiri Island, which is painted on the exterior wall of the building located at 7908-7910 Earhart Boulevard, New Orleans, Louisiana 70125.

(c) There is only one license/permit to sell alcohol issued by State of Louisiana, Office of Alcohol and Tobacco Control for the 7910 Earhart Boulevard, New Orleans, Louisiana 70125 location.

(d) State of Louisiana, Office of Alcohol and Tobacco Control requires a "Schedule A" to be completed and executed "by the manager, owner, each partner, each officer, and every stockholder owning more than 5 percent of the capital stock. Copies of the Schedules will be introduced into evidence at the appropriate time.

(e) There is only one license/permit issued for the sale of alcoholic beverages at the 7910 Earhart Boulevard, New Orleans, Louisiana 70125 location.

5.

Upon information and belief as demonstrated in paragraph 4 above, Elsner-Gomez operated, licensed, permitted, had dominion over, controlled, oversaw and managed the use of the alcohol license/permit that allowed the business to sell alcoholic beverages at the Daiquiri Island Sports Bar and Grill located at 7910 Earhart Boulevard, New Orleans, Louisiana 70125 location.

6.

Also, at all times pertinent to the facts of this complaint, Elsner-Gomez was "certified" to sell alcoholic beverages at the 7910 Earhart Boulevard, New Orleans, Louisiana 70125 location.

7.

Upon information and belief, Elsner-Gomez's license described above was in full force and

effect at all times pertinent to the facts alleged in the complaint.

8.

J&J believes that someone other than Elsner-Gomez owns the land and buildings located at the 7910 Earhart Boulevard, New Orleans, Louisiana 70125 location.

9.

But, Elsner-Gomez leases the land and building located at 7910 Earhart Boulevard, New Orleans, Louisiana 70125.10.

10.

As lessee of the premises located at 7910 Earhart Boulevard, New Orleans, Louisianaa 70125, Elsner-Gomez possessed a direct commercial advantage and/or private financial gain in the operation of the bar.

11.

Upon information and belief, J&J alleges the following acts accomplished by Elsner-Gomez occurred on a daily basis or as needed concerning Daiquiri Island's commercial establishment located at 7908-7910 Earhart Blvd., New Orleans, Louisiana 70125:

    (a)    reconciling all bank accounts for Daiquiri Island;

    (b)    reviewing inventory of alcoholic beverages on a daily basis;

    (c)    reviewing the condition and fitness of all equipment on the premises;

    (d)    collecting all money earned;

    (e)    paying all accounts payables;

    (f)    collecting all accounts receivables;

    (g)    cleaning and maintaining the furniture and fixtures;

(h)   attending to any issues concerning televisions sets;

(i)   reviewing all upcoming televised sporting events including, boxing, prize fights, martial arts and other similar television programming;

(j)   meeting with employees to ensure that all of the items listed in (a) through and including (i) were accomplished on behalf of Elsner-Gomez d/b/a Daiquiri Island.

12.

J&J is a distributor of closed circuit pay-per view boxing and special events in the United States.  Pay-per view means that in order for a customer to view the closed circuit event, it/he/she must pay a fee to J&J, which is/was set by J&J.

13.

J&J is informed, believes and alleges that on September 12, 2015 (the night of the Program, which is described in paragraph 19 below ), Elsner-Gomez was empowered and had the right and ability to supervise the business and activities of Daiquiri Island, which included the unlawful interception of J&J's Program.

14.

J&J is informed, believes and alleges that on September 12, 2015 (the night of the Program, which is described below in paragraph 19), Elsner-Gomez along with her employees were certified to sell alcohol specifically identified on Schedule A described above and allowed and supervised the activity of unlawfully intercepting, broadcasting and/or publishing J&J's Program, and, among other responsibilities, had the obligation to ensure that the sale of alcoholic beverages upon the premises was not in violation of law.

15.

J&J is informed, believes and alleges that on September 12, 2015 (the night of the Program, which is described below in paragraph 19), Elsner-Gomez specifically and wilfully failed to prevent the unlawful interception, broadcasting and/or publishing of J&J's Program on the premises located at 7908-7910 Earhart Blvd., New Orleans, Louisiana. Furthermore, the actions of Elsner-Gomez's employees were/are directly imputable to Elsner-Gomez by virtue of her failure to act concerning the unlawful interception, broadcasting and/or publishing of J&J's Program on the premises.

16.

J&J is informed, believes and alleges that on September 12, 2015 (the night of the Program, which is described below in paragraph 19), Elsner-Gomez had and possessed an obvious and direct financial interest and commercial advantage and private financial gain in the unlawful interception, broadcast and/or publishing of J&J's Program.

17.

J&J is informed, believes and alleges that the unlawful and willful interception, broadcast and publishing of J&J's Program by Elsner-Gomez resulted in a commercial advantage and direct private financial gain for Elsner-Gomez due to the increased profits for Elsner-Gomez or at least the possibility of increased profits for Elsner-Gomez.

**COUNT I**

**(Violation of Title 47 U.S.C. Section 605 (a), (e) (3) (a) and (e) (4) and 18 U.S.C. section 2511 in conjunction with section 2520)**

18.

J&J incorporates by reference all of the allegations contained in paragraphs 1 through and

including 17, as though reproduced here in full.

19.

Pursuant to a valid and enforceable contract, J&J was granted the exclusive nationwide commercial distribution and broadcast (closed-circuit) rights to Floyd Mayweather, Jr. v. Andre Berto Championship Fight Program", telecast nationwide on Saturday, September 12, 2015 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the Program).

20

Pursuant to the same valid and enforceable contract, J&J, entered into subsequent sub-licensing agreements with various commercial entities throughout North America, including entities within the State of Louisiana, by which it granted these entities limited sub-licensing rights, specifically the rights to publicly exhibit the Program within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs and other similar businesses). Elsner-Gomez was **not** granted sub-licensing rights and/or any other right concerning the Program.

21.

As a commercial distributor and licensor of sporting events, including the Program, J&J expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the commercial entities described above.

22.

With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, Elsner-Gomez,

either through direct action or through actions of employees or agents directly imputable to her (as outlined in paragraphs 1 through and including 21 above) or through inaction and/or acquiesence, did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at the commercial establishment located at 7910 Earhart Boulevard, New Orleans, Louisiana 70125.

23.

Upon information and belief, J&J alleges that Elsner-Gomez took steps to unlawfully receive J&J's television signal, which transmitted the Program described abovee. Those steps taken by Elsner-Gomez probably consisted of one of the following to direct the television signal by cable transmission or satellite transmission to Daiquiri Island's commercial establishment located at 7908-7910 Earhart Blvd., New Orleans, Louisiana 70125:

(a) setting up a "residential" account with either a cable television service provider or a satellite television provider and paying a nominal "residential" rate directly to the cable and/or satellite television provider for reception of the plaintiff's Program;

(b) use of a "blackbox", "hotbox", or "pancake box" which was purchased for a fee and when installed on a cable television line will allow for the descrambled reception of a pay-per-view broadcast;

(c) the use of a "smartcarrd" or "test card" or "programming card" which was purchased for a fee and when installed on a DSS satellite receiver will allow for the descrambled reception of a pay-per-view broadcast;

(d) the use of an illegal cable drop or splice from an apartment or home

        adjacent to the commercial establishment premises (which would purchase the broadcast at a residential price and divert the Program to the commercial establishment;

(e)     the purchase of other illegal unencryption devices, and the purchase of illegal satellite authorization codes which are readily available on the internet, in trade publications, and through "word of mouth"; or,

(f)     streaming a signal through the internet by use of a "firestick" or similar device that may be downloaded onto a hard drive and captured by computer equipment in such a way that the Program may be viewed.

24.

The unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by Elsner-Gomez was done wilfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain. J&J stands ready to present eye-witness testimony and other evidence supporting all allegations made in this complaint.

25.

Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520 prohibit the unauthorized publication or use of communications (such as the transmission of the Program for which J&J had the exclusive distribution rights).

26.

By reason of the actions, omissions and conduct of Elsner-Gomez, she violated Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520.

27.

By reason of the actions, omissions and conduct of Elsner-Gomez, which resulted in the violation of Title 47 U.S.C. Section 605, et seq, and Title 18 U.S.C. sections 2511 and 2520, J&J has the private right of action pursuant to Title 47 U.S.C. Section 605 and Title 18 U.S.C. sections 2511 and 2520.

28.

By reason of the actions, omissions and conduct of Elsner-Gomez, which resulted in the violation of Title 47 U.S.C. Section 605, et seq, and 18 U.S.C. sections 2511 and 2520, J&J is entitled to the following from Elsner-Gomez:

(a)  Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605 (e)(3)(C)(ii), and also

(b)  Recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

29.

J&J incorporates by reference all of the allegations contained in paragraphs 1 through and including 26 as though reproduced here in full.

30.

The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the Program by Elsner-Gomez was prohibited by Title 47 U.S.C. section 553, et seq.

31.

By reason of the actions, omissions and conduct of Elsner-Gomez, she violated Title 47 U.S.C. Section 553, et seq.

32.

By reason of the actions, omissions and conduct of Elsner-Gomez, which resulted in the violation of Title 47 U.S.C. Section 553, et seq, J&J has the private right of action pursuant to Title 47 U.S.C. Section 553.

33.

By reason of the actions, omissions and conduct of Elsner-Gomez, which resulted in the violation of Title 47 U.S.C. Section 553, et seq, J&J is entitled to the following from the defendant:

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

(b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(B), and also

(c) Recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 553(c)(2), and also

(d) in the discretion of this Honorable Court, reasonable attorney's fees, pursuant to Title 47 U.S.C. section 553 (c) (2) ©.

34.

Despite the existence of two separate and distinct federal laws (Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520 AND Title 47 U.S.C. Section 553, et seq), which were enacted at different times, some federal courts have held that a successful plaintiff may only

receive damages under one of those laws but not both. J&J asserts its claims under both sets of federal laws, but if the Court should find that the violations stated above occurred under one or the other statutes cited or that J&J may only recover one set of damages, then to that extent, J&J's claims should be considered as alternative claims. J&J does not seek double damages.

THEREFORE, J&J Sports Productions, Inc. prays that Maria Elsner-Gomez d/b/a Daiquiri Island Sports Bar and Grill be served with a summons and copy of this complaint and required to answer it within the legal delays provided by the Federal Rules of Civil Procedure.

FURTHERMORE, J&J Sports Productions, Inc. prays for judgment in its favor and against Maria Elsner-Gomez d/b/a Daiquiri Island Sports Bar and Grill for the following sums of money, subject to the jurisprudential rule that double damages are not permitted:

**As to Count I (Violation of Title 47 U.S.C. Section 605 and Title 18 U.S.C. sections 2511 and 2520)**

At J&J's elections in accordance with 47 U.S.C. section (e) (3) (B) and (C) (ii),

(a) statutory damages in the amount of $110,000.00 against the defendants, and each of them; and,

(b) reasonable attorney's fees as mandated by statute; and,

(c) all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and,

(d) such other and further relief as this Honorable Court may deem just and proper.

**As to Count II (Violation of Title 47 U.S.C. Section 553 (a) (1), (c)(1), (2), (B), (C), 3 (A), (B))**

(a) statutory damages in the amount of $60,000.00 against the defendant; and,

(b)     reasonable attorney's fees as may be awarded in the Court's discretion pursuant to statute; and,

(c)     all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and,

(d)     such other and further relief as this Honorable Court may deem just and proper.

The Berthelot Law Firm, LLC
1660 Thibodeaux Avenue
Baton Rouge, Louisiana 70802
(225) 454-0488—cell phone
1-484-842-8566–facsimile
ronniejberthelot@gmail.com
By: s/Ronnie J. Berthelot
    Ronnie J. Berthelot
    LSBA bar roll no. 1012
    Trial Attorney

Certificate of Service

I certify that I mailed the foregoing "Complaint" to the following defendant and lawyer:

Maria Elsner-Gomez, DBA Daiquiri Island Sports Bar and Grill
7908 and 7910 Earhart Blvd.
New Orleans, LA 70125

Taylor C. Stone
The Law Office of Taylor C. Stone, LLC
4130 Canal Street
New Orleans, LA 70119

by placing a copy of the "Cover Sheet" and the "Complaint" in the United States Mail properly addressed and postage pre-paid and sending a copy of the same to the e-mail address above on August 29, 2016.

          s/Ronnie J. Berthelot
          Ronnie J. Berthelot