UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC. | CIVIL ACTION |
| VERSUS | NO. 16-14200 |
| MARIA ELSNER-GOMEZ D/B/A<br>DAIQUIRI ISLAND SPORTS<br>BAR AND GRILL | SECTION "B"(2) |

## ORDER AND REASONS

Plaintiff filed a "Motion for Summary Judgment Seeking to Enforce Compromise and Settlement." Rec. Doc. 17. Defendant did not file an opposition. For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 17) is **GRANTED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In August 2016, Plaintiff J&J Sports Productions, Inc. sued Defendant Maria Elsner-Gomez d/b/a Daiquiri Island Sports Bar & Grill for allegedly violating various federal laws by showing a pay-per-view broadcast of a boxing match without the proper commercial license. *See* Rec. Doc. 1 ¶¶ 15-23. In April 2017, Plaintiff notified the Court that the parties had reached a settlement and that performance under the settlement agreement would not be completed for at least twenty-four months. *See* Rec. Doc. 15. Accordingly, the Court entered an order dismissing the case without prejudice, but retaining jurisdiction to enforce the settlement agreement for a reasonable period of time, not to exceed twenty-four months. *See* Rec. Doc. 16.

In January 2018, Plaintiff filed the instant motion to enforce the settlement agreement. *See* Rec. Doc. 17. Plaintiff argues that Defendant violated the settlement agreement via a cross-default provision by failing to make a required payment under a related settlement agreement. *See* Rec. Doc. 17-1 at 2-3. Plaintiff argues that, because Defendant violated the settlement agreement, the Court should enter a consent judgment that the parties agreed to during settlement negotiations. *See* Rec. Doc. 17 at 1-2. Plaintiff attached two sets of documents to its motion. The first set of documents is an email conversation between counsel for Plaintiff and counsel for Defendant in which counsel reach agreement on the settlement terms. *See* Rec. Docs. 17-6 to 17-11; 17-14 to 17-16. The second set of documents includes an unsigned copy of the settlement agreement and consent judgment. *See* Rec. Docs. 17-12; 17-13.

**<u>LAW AND ANALYSIS</u>**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a

reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Even when a motion for summary judgment is unopposed, the movant must still carry its burden of showing that there is no genuine issue of material fact. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). When the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618.

Plaintiff has met its burden because it has provided multiple pieces of evidence confirming that the parties firmly reached a compromise and that Defendant has violated the terms of that compromise; no genuine issue of material fact exists. Plaintiff attached a copy of the settlement agreement to the motion for summary judgment. *See* Rec. Doc. 17-12. The agreement states, *inter alia*, that Defendant "agrees to a consent judgment for the sum of

3

Twenty Thousand and 00/100 ($20,000) Dollars, without interest," if Defendant "should fail to perform under the settlement" in a related case. *Id.* at 2 (referring to the settlement agreement in "J&J Sports Productions, Inc. v. Montgomery Norton, Inc. et al (No. 2:15-CV-04387[)]"). Defendant has failed to perform under the related settlement agreement. *See J&J Sports Prods., Inc. v. Montgomery Norton, Inc., et al.*, No. 15-4387, Rec. Doc. 44 (E.D. La. Apr. 18, 2018) (granting in part plaintiff's motion for summary judgment to enforce settlement agreement because defendant failed to make required payments). Therefore, Defendant is also in default under the settlement agreement in the instant matter, which entitles Plaintiff "to immediately execute upon the consent judgment . . . ." Rec. Doc. 17-12 at 2 (referring to Rec. Doc. 17-13).

Plaintiff has also provided evidence of the parties' firm agreement to the terms of the settlement. For example, Plaintiff notified the Court of settlement in April 2017 and indicated that settlement was related to another case pending in this Court. *See* Rec. Doc. 15. Defendant's counsel stated in an e-mail to Plaintiff's counsel that he agreed with the notice. Rec. Doc. 17-9 at 1. In another e-mail to Plaintiff's counsel, Defendant's counsel agreed that "[i]f default occurs under the first settlement agreement [in the related case], the consent judgment related to the [instant] matter immediately becomes executory . . . ." Rec.

4

Doc. 17-7 at 4. Finally, in defense counsel's motion to withdrawn, defense counsel represented that "[a] settlement in this matter was agreed upon by both parties" and that "Plaintiff is entitled to . . . seek summary judgment to enforce the settlement agreement" because Defendant is in default. Rec. Doc. 18 at 2.

**A motion for reconsideration of this Order and Reasons based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within fourteen (14) days of this Order and Reasons. The motion must be accompanied by an opposition memorandum to the underlying motion for summary judgment (Rec. Doc. 17) and explain why Defendant neither (1) filed a timely opposition to Plaintiff's motion for summary judgment (Rec. Doc. 17) nor (2) participated in the telephone conference scheduled for May 10, 2018 (*see* Rec. Doc. 21). <u>If Defendant does not file a motion for reconsideration within fourteen (14) days, judgment will be entered against Defendant in the amount of twenty thousand dollars ($20,000.00), per the terms of the consent judgment agreed to by the parties. *See* Rec. Doc. 17-13.</u>**

Because a motion for reconsideration would not have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorney's fees, will be assessed against the party moving for reconsideration. *See* Fed. R. Civ. P. 16, 83. A statement of costs conforming to Local Rule 54.3 shall be submitted by any party desiring to be awarded

5

costs and attorney's fees no later than eight (8) days prior to the noticed submission date of the motion for reconsideration.

New Orleans, Louisiana, this 10th day of May, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE